In re SCOTT et al.

(Supreme Court, Appellate Division, First Department.   March 9, 1900.)

1. WILLS—REMOVAL OF TRUSTEE—FAILURE TO MAKE FINDINGS OF FACT AND
    CONCLUSIONS OF LAW.
        Where petitioner applied for removal of the surviving trustee named in
    a will upon affidavits, and the trustee served his answer, raising material
    questions of fact, and removal was granted without making any findings
    of fact or conclusions of law, as required by statute, the proceeding was
    irregular.

2. SAME—FAILURE TO MAKE PROOF OF ALLEGATIONS.
        An order granting an application to remove a trustee named in a will,
    based solely on affidavits, and without requiring the petitioner to make
    proof of his allegations before granting the relief demanded, as required
    by statute, is reversible error.

3. APPEAL—EXCEPTIONS.
        Where a testamentary trustee is irregularly removed, the irregularity
    will be reviewed upon appeal, without any exceptions.

Appeal from surrogate's court, New York county.

Application by Douglas G. Scott and others to remove Robert
Beggs as trustee, under the last will and testament of Hugh Henry
Scott, deceased. From an order granting the removal, the trustee
appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
McLAUGHLIN, and PATTERSON, JJ.

Isaac N. Miller, for appellant.
Joseph M. Schenck, for respondents.

RUMSEY, J.   The proceedings leading up to what should have
been a hearing upon the merits of this case were characterized by sev-
eral irregularities, arising largely from the failure to appoint a spe-
cial guardian of the infants before any step was taken in the matter,
but, as these irregularities might have been corrected by motion be-
fore the surrogate, it is not necessary to do more than suggest them
at this time.

When the trustee had served his answer to the petition, in which
he raised material questions of fact, he was entitled to a trial in
which common-law evidence should be given to sustain the allega-
tions of the petition, and to an opportunity to meet that evidence by
the same sort of proof.   Had such a trial been had, it would have
been the duty of the surrogate to make findings of fact and con-
clusions of law, which could only have been reviewed in this court
upon appeal from his decree, if exceptions had been taken to his
findings.   But no such proceedings were had.   The matter was
brought before the surrogate upon affidavits, and an order was made
for the removal of the appellant, and no findings of fact or conclu-
sions of law were made as required by the statute.   The proceedings
to remove the appellant without such proof were clearly irregular.
We think that that irregularity can be reviewed upon this appeal
without any exceptions.

As it is presented here, it amounts simply to an order in a special
proceeding in which the court should have required the petitioner to

make proof of his allegations before granting the relief demanded, and his failure to do so is clearly an irregularity which can be reviewed in this court, and it calls for the reversal of this order, and the sending the matter back to the surrogate, where it may be tried in the manner prescribed in the statute.

The order appealed from should be reversed, with costs, and the proceeding remitted to the surrogate   All concur.